UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          CASE No. 1:08-cr-65-3

v.

                                          HON. ROBERT J. JONKER

WILLIE RAYSHAUN RICHARDSON,

        Defendant.

_____/

## OPINION REGARDING DEFENDANT RICHARDSON'S FIRST STEP ACT MOTION

### INTRODUCTION

Defendant Richardson and his co-defendant Walter Boulding were found guilty following a jury trial of a Section 841(b)(1)(A) crack cocaine offense on October 3, 2008.  They were both found responsible for 650.4 grams of crack cocaine, but the statutory penalties for each were different. Defendant Boulding had a Section 851 notice on file documenting two prior felony drug offenses.  This meant that his sentence of imprisonment was mandatory life.  Defendant Richardson did not have such a notice on file, meaning that his statutory penalty required a mandatory minimum of ten years imprisonment, below his guideline range of 360 months to life. On April 27, 2009, this Court sentenced Defendant Richardson to 360 months imprisonment, the bottom end of the guideline range.

The matter before the Court is on Defendant Richardson's pro se motion for modification or reduction in sentence under Section 404 of the First Step Act, which provides for the retroactive application of certain sentencing reforms contained in the 2010 Fair Sentencing Act.  (ECF No.

303).  The Court appointed counsel to assist Defendant in his motion (ECF No. 302) and counsel has filed a supplemental motion requesting the same relief.  (ECF No. 312).

Following the Sixth Circuit Court of Appeals' decision in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), the parties now agree that Defendant Richardson is eligible for a reduced sentence under Section 404.  The parties also agreed as much with respect to Defendant Boulding, and the Court recently reduced Defendant Boulding's sentence to 324 months imprisonment. *United States v. Boulding*, No. 1:08-cr-65-1 (W.D. Mich. Sept. 25, 2020) (ECF No. 314).[1]  The parties also agree that the new guideline range for Defendant Richardson is 324 to 405 months imprisonment (LO 36, CHC VI).  The defense asks for a further reduction, however, to account for the remaining powder / crack cocaine disparity that followed after the enactment of the Fair Sentencing Act, and based on all other applicable sentencing considerations.

The Court agrees with the parties that Defendant Richardson is eligible for relief under Section 404 of the First Step Act and—after weighing the Section 3553(a) factors as well as taking into account Defendant's conduct while in custody—exercises its discretion to reduce Defendant's sentence to 240 months imprisonment as provided in this Opinion and corresponding Order.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1.  *Offense Conduct*

A superseding indictment charged Defendant Richardson with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance under 21 U.S.C. § 846, 841(a), and 841(b)(1)(A)(iii) (2008). (ECF No. 42).  A four-day trial ensued where Defendant

---

[1] The Sixth Circuit affirmed this decision on July 12, 2021, in its Case No. 20-1965.  The Court's mandate issued August 3, 2021.

elected to testify.  Among other things, Defendant described traveling to Detroit with his co-defendant and procuring heroin and cocaine for resale.  He described traveling to his girlfriend's trailer with his co-defendant and allowing him into the trailer to cook cocaine into crack in Defendant's presence.  (ECF No. 140).  Defendant testified that he sold heroin primarily and sold crack occasionally.  (*Id.*).  The jury unanimously found Defendant guilty of the crime with which he was charged.  (ECF No. 122).

### 2.    *PSR & Sentencing*

Following the jury's verdict, the Court ordered a presentence report in advance of sentencing.  The Final Presentence Report prepared by the probation officer found that Defendant Richardson was responsible for 650.4 grams of cocaine base.  (PSR ¶ 89).  The quantity and type of narcotics called for an initial base offense level of 34 under the guidelines.  (*Id.*).

The PSR then adjusted Defendant's offense level.  Two points were added under Section 2D1.1(b)(1) for possession of a firearm (PSR ¶ 90).  Four additional points were added under Section 3B1.1(a) for Defendant's role as an organizer in the offense.  (PSR ¶ 92).  And another two points were added under Section 3C1.1 for obstruction of justice.  (PSR ¶ 93).  Based on these adjustments, the PSR calculated Defendant's Total Offense Level at 42.  (PSR ¶ 150).

The officer then scored Defendant Richardson's criminal history at 16 points resulting in the highest possible criminal history category of VI.  Defendant's guideline range based on a total offense level of 42 and criminal history category of VI was 360 months to life on the chart.  (PSR ¶ 184).  This was within the statutory penalty range of ten years to life.  21 U.S.C. § 841(b)(1)(A)(iii).

Defendant Richardson then objected to several portions of the PSR.  He objected to the PSR's characterization of his involvement in the offense; the quantity of crack cocaine he was

responsible for; his two-level enhancement for possession of a firearm; his four-level role enhancement; and his two-level enhancement for obstruction of justice. At sentencing the Court overruled all objections except Defendant's objection regarding obstruction of justice. Defendant Richardson's guideline range was the same, however: 360 months to life. (LO 40, CHC VI). The Court proceeded to sentence Defendant Richardson to the bottom end of that guideline range at 360 months imprisonment, followed by five years of supervised release. The Court found this a sufficient but not greater than necessary sentencing after weighing the Section 3553 factors. Judgment entered on April 27, 2009 (ECF No. 164). The Sixth Circuit Court of Appeals subsequently affirmed Defendant's conviction and sentence. *United States v. Richardson*, Case No. 09-1578 (6th Cir. Feb. 22, 2011).

### 3. Post Sentencing Matters

Thereafter Defendant Richardson filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Richardson v. United States*, No. 1:12-cv-112 (W.D. Mich. filed Feb. 6, 2012). In his motion, Defendant challenged several aspects of both his conviction and his sentence including the determination of his drug quantity, the sufficiency of the evidence against him, and his attorney's performance. In a decision dated April 19, 2013, this Court rejected all of Defendant's arguments and denied Defendant's motion as well as his request for a certificate of appealability. *Richardson v. United States*, No. 1:12-cv-112, ECF No. 3 (W.D. Mich. Apr. 19, 2013). The Sixth Circuit Court of Appeals also denied Defendant a certificate of appealability. *Richardson v. United States*, No. 14-1988 (6th Cir. Dec. 11, 2014).

Defendant Richardson returned to his criminal case on November 10, 2014, seeking a modification of sentence under 18 U.S.C. § 3582(c)(2), based on Guideline Amendment 782. (ECF No. 265). A Sentence Modification Report ("SMR") applied the November 1, 2015 edition

4

of the Guidelines Manual and determined Defendant's Total Offense Level had fallen to Level 36. (ECF No. 270).  With an offense level of 36 and a Criminal History Category of VI, the SMR calculated Defendant's guideline range at 324 to 405 months imprisonment.  (*Id.*).   In an Order dated March 28, 2016, the Court acknowledged that Defendant Richardson qualified for consideration of a reduced sentence under the amendment.  The Court exercised its discretion at that time, however, not to award a reduced sentence.  The Court referenced the original reasons the Court denied the defense motion for variance at sentencing, as well as the multiple disciplinary infractions Defendant incurred while in custody.  (ECF No. 277).  The Sixth Circuit Court of Appeals affirmed.  *United States v. Richardson*, No. 16-1508 (6th Cir. Sept. 12, 2016).

### 4.      The Fair Sentencing Act of 2010

Shortly after Defendant Richardson was sentenced, Congress passed the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010).  The Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986.  *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S. 260, 263-64 (2012).  More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50 grams or more of crack cocaine, to 280 grams or more.  Fair Sentencing Act at § 2(a)(1).  The Fair Sentencing Act also increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine, to 28 grams or more. Fair Sentencing Act at § 2(a)(2).  Under the Fair Sentencing Act, therefore, to trigger the ten years to life sentencing range of Section 841(b)(1)(A)(iii), the offense would have to involve more than 280 grams of crack cocaine.

The changes made by the Fair Sentencing Act, however, were not retroactive. *Blewett*, 746 F.3d at 650.[2]  Because Defendant Richardson had been convicted and sentenced before the Fair Sentencing Act's enactment he was not, at that time, eligible for any relief.

### 5.    *The First Step Act of 2018*

On December 21, 2018, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") into law.  The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019).  In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously

---

[2] In *Dorsey v. United* States, 567 U.S. 260 (2012), the Supreme Court determined that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred.  Because Defendant Richardson was sentenced before August 3, 2010, *Dorsey* did not provide him with a pathway to any relief.

imposed or previously reduced in accordance with the
amendments made by sections 2 and 3 of the Fair Sentencing
Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a
previous motion made under this section to reduce the sentence
was, after the date of enactment of this Act, denied after a
complete review of the motion on the merits. Nothing in this
section shall be construed to require a court to reduce any
sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018).

Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine
offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for
consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b),
132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant is left to the
sentencing court's discretion. *Id.* at § 404(c). No reduction is required.

## DISCUSSION

### 1. *Summary of the Court's Process*

In an earlier Order, this Court set out a two-step process for evaluating First Step Act
motions. *See United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. 2019). The first step
is determining eligibility. In *Boulding* the Court concluded that "eligibility under the language of
the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense
of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at 651. As
applied to that case, this determination meant that the quantity of narcotics (whether admitted,
found by a jury, or found by a court) did not factor into the question of eligibility.

At the second step in the process, a reviewing court evaluates the motion to determine
whether it should exercise its discretion to reduce a defendant's sentence. This calls for a
determination of the scope of the relief available. Here the Court previously determined, and
reaffirms here, that the First Step Act does not provide for a plenary-resentencing. *Id.* at 653; *see*

*also United States v. Alexander*, 951 F.3d 706 (6th Cir. 2019); *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing."). But as the Court has also remarked, "unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions and were therefore subject to the limitations built into that section. The First Step Act is different. The Sentencing Commission has nothing to do with it." *Boulding*, 379 F. Supp. 3d at 653. This means the Court considers whether to reduce a sentence by looking at the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct. *Jones*, 2019 WL 248-113, at *2.

At this second step, the Court is guided by recent decisions from the Sixth Circuit Court of Appeals. That court has determined "district courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). And while the Court of Appeals has reaffirmed that eligible defendants are not entitled to a plenary resentencing, the Sixth Circuit has also remarked that a district court's review of a motion under Section 404 of the First Step Act "at a minimum—includes an accurate calculation

8

of the amended guidelines range at the time of resentencing and thorough renewed consideration of the [18 U.S.C.] § 3553(a) factors." *Id.* at 784. Additionally, a defendant must be afforded an opportunity to present objections to the calculation of an amended sentence—whether by "written presentation or an oral argument is a case-specific decision within the scope of the district court's discretion." *Id.* In a subsequent decision the Sixth Circuit has stated this includes "a meaningful opportunity for input, including (where appropriate) a chance to submit new facts for the court's consideration." *United States v. Barber*, 966 F.3d 435, 438 (6th Cir. 2020) (finding no error where defendant failed to submit evidence of his conduct while in custody to district court reviewing First Step Act motion). The parties have fully briefed the issues here.

### 2. *Defendant Richardson is Eligible for a Reduced Sentence*

Under the reasoning of *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), the parties agree that Defendant Richardson is eligible for consideration of a reduced sentence under the First Step Act. Defendant Richardson's offense was committed before the Fair Sentencing Act's enactment on August 3, 2010; he was further convicted under the enhanced penalties found in Section 841(b)(1)(A)(iii); and those penalties were "modified by section 2 . . . of the Fair Sentencing Act of 2010[.]" He was, accordingly, convicted of a "covered offense." The categorical limitations in Section 404(c) also do not apply to Defendant Richardson. His sentence was not "previously imposed or previously reduced in accordance" with the Fair Sentencing Act's amendments. And he has not previously moved to reduce his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Defendant is eligible under Section 404(a) for a reduced sentence under Section 404(b).

### 3. *Scope of Relief*

In determining whether to exercise its discretion to reduce Defendant Richardson's sentence, the Court begins with a guideline range comparison. The table below demonstrates the differences between the guideline calculation for Count 1 as it existed when Defendant Richardson was originally sentenced (as determined at sentencing) and the parties' agreed to guidelines, as they exist now, taking into account all intervening drug guideline amendments and the retroactive application of the Fair Sentencing Act.

| Count 1 | Original Sentence | First Step Act |
|---|---|---|
| **Base Offense Level**<br><br>*650.4 grams of Crack Cocaine* | Level 34 | Level 30 |
| **Offense Level Adjustments**<br><br>*Possession of a Dangerous Weapon*<br><br>*Role as Organizer* | +2 levels (§ 2D1.1(b)(1))<br><br>+4 levels (§ 3B1.1(a)) | +2 levels (§ 2D1.1(b)(1))<br><br>+4 levels (§ 3B1.1(c)) |
| **Total Offense Level** | Level 40 | Level 36 |
| **Statutory Penalty**<br><br>*Based on charge of 50 grams or more of cocaine base* | 10 years to Life<br><br>*Section 841(b)(1)(A)(iii) (2008)*<br>*50 grams or more of cocaine base* | 5 years to 40 years<br><br>*Section 841(b)(1)(B)(iii) (2018)*<br>*28 grams or more of cocaine base* |
| **Criminal History** | Category VI | Category VI |
| **Guideline Range** | 360 months to life | 324 to 405 months |

As the above chart demonstrates, Defendant Richardson's guideline range is reduced from 360 months to life, to 324 to 405 months, the same guideline range as the SMR found earlier on Defendant's Guideline Amendment 782 motion. This is because Defendant's base offense level

10

has been reduced four levels from that originally calculated under intervening guideline amendments.

After its review of the record, including Defendant Richardson's post-sentencing behavior, the Court elects to exercise its discretion to provide a reduction to 240 months of custody.  In evaluating the extent of the reduction, the Court considers the guideline analysis, the factors set forth in § 3553(a), the time Defendant Richardson has already served, and the nature of the original offense conduct.  The Court also considers Defendant Richardson's record in the BOP.  The guideline analysis augers in favor of some reduction; the base offense level under the drug guidelines, for example, has been reduced.  While the Court found this insufficient for a discretionary reduction when Defendant made his motion under Guideline Amendment 782, the Court finds several developments support reduction now.

First, Defendant Richardson has served a greater portion of his sentence, for one thing, and even more importantly Defendant's custodial record in recent years has improved substantially. In fact, Defendant Richardson has provided a detailed heartfelt and thoughtful assessment of his situation. (ECF No. 312-1, PageID.1935-2007).  He carefully documented his progression through early problems in the BOP, through what he describes as his "Epiphany and Maturation," into a sustained pattern of constructive engagement with available education and training programs, throughout the last eight years.  In the more than five years since the Court denied his Amendment 782 motion, Defendant Richardson has incurred only one comparatively minor infraction.  The BOP has recognized his progress and moved him from a penitentiary (Hazelton) to a medium security location (Manchester).  He presents himself effectively as a much different and better person than he was at the times of original sentencing and the denial of relief under Guideline

11

Amendment 782.  Under *Pepper v. United States*, 562 U.S. 476 (2011), this Court recognizes Defendant Richardson's persuasive presentation of constructive, rehabilitative conduct.

Second, the Court has also imposed a reduced sentenced on his co-Defendant under the First Step Act.  This is significant because his co-Defendant started out at a mandatory life sentenced based on his recidivist behavior and was ultimately reduced from life to a term of 324 months.  The Court believes it is appropriate to continue to recognize some sentencing distinctions between the co-defendants based on this history.  Third, the record does not reflect that the co-defendant has made the same kind of rehabilitative strides that Defendant Richardson has made and documented.  It is only fair to reflect this critical difference in the sentencing reductions.

Defendant Richardson asks the Court to sentence him within the guidelines associated with powder cocaine, versus the crack cocaine used to determine his guideline range, which would result in an additional reduction.  The Fair Sentencing Act reduced the powder/crack disparity from 100 to 1, to 18 to 1 for guideline calculations.  The sentencing guidelines for 650 grams of crack cocaine corresponds to a base offense level of 30, U.S.S.G. § 2D1.1(c)(5), while the same amount of powder cocaine corresponds to a base offense level of 24, U.S.S.G. § 2D1.1(c)(8).  The Court recognizes its discretionary authority to vary from the guideline ratio, but declines to exercise that authority here.  *See Kimbrough v. United States*, 552 U.S. 85, 91 (2007) (stating that a court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in fashioning an appropriate sentence under Section 3553(a)).  Congress has had several occasions to eliminate the powder/crack disparity entirely and has chosen not to do so.  The Court does not have a policy-based disagreement with Congress on that issue.  Moreover, this case

involved more than simply crack cocaine, as trial testimony demonstrated.[3] Furthermore, as stated above, Defendant's overall conduct in this case, the impact on the lives of people he used in the conspiracy, and his recidivist drug dealing, require a significant custodial term.

After considering and balancing all the above, the Court determines to reduce Defendant Richardson's sentence with respect to Count 1 to 240 months imprisonment. All other terms of the original sentence remain unchanged.

## CONCLUSION

Defendant Richardson's motions for modification or reduction of sentence under Section 404 of the First Step Act (ECF Nos. 303 & 312) are granted to the extent detailed in this Opinion, and his term of imprisonment reduced to a total term of 240 months imprisonment. All other terms of the original sentence, including the five-year terms of supervised release, remain unchanged.

A separate Order consistent with this Opinion shall issue.

Dated:   __August 5, 2021__          __/s/ Robert J. Jonker_____
                                                        ROBERT J. JONKER
                                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In one memorable snippet of testimony, Defendant Richardson testified that he switched from dealing mostly crack to mostly heroin because he learned during his earlier BOP confinement that the guidelines were lower for heroin. (Testimony of Defendant Richardson, ECF No. 140, PageID.357). Even though crack cocaine was the focus of the charges and the PSR guideline calculation, the trial testimony from Defendant Richardson plainly demonstrated a multidrug operation including heroin and powder cocaine, as well as crack. (*Id.*, *passim*). Other witnesses corroborated this.

13